PROB 12A
(Revised 5/2011)

# United States District Court
for
Middle District of Tennessee

## Report on Offender Under Supervision

Name of Offender: <u>Kenneth William Ragsdale</u>   Case Number: <u>3:09-00111</u>

Name of Sentencing Judicial Officer: <u>Honorable Todd J. Campbell, U.S. District Judge</u>

Date of Original Sentence: <u>March 5, 2010</u>

Original Offense: <u>18 U.S.C. 922(g)(1) Convicted Felon in Possession of a Firearm</u>

Original Sentence: <u>30 months' custody followed by 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Commenced: <u>May 2, 2012</u>

Assistant U.S. Attorney: <u>Addison Thompson</u>   Defense Attorney: <u>Ronald C. Small</u>

---

**THE COURT ORDERS:**

☒ No Action
☐ The Issuance of a Warrant
   ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons
☐ Other

I declare under penalty of perjury
that the foregoing is true and correct.
Respectfully submitted,

_____
Kara Sanders
U.S. Probation Officer

Considered this __1__ day of __Aug__, 20_13_,
and made a part of the records in the above case.

_____
Todd J. Campbell
U.S. District Judge

Place   Nashville, Tennessee

Date   July 31, 2013

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.	Nature of Noncompliance

1.	**<u>The defendant shall not possess any prescription medications other than those prescribed to him. The defendant shall not sell any prescription medications.</u>**

On July 18, 2013, during a home contact, U.S. Probation Officer Kara Sanders was in the process of assessing compliance with mental health treatment and requested to view Mr. Ragsdale's prescribed psychotropic medication. Mr. Ragsdale opened the drawer of a table in his bedroom and revealed an empty bottle of Oxymorphone, prescribed to his mother Merilyn K. Ragsdale.

The prescription was filled on July 12, 2013, for 60 pills (15 mg) with no refills. It was filled at Fred's Pharmacy in White Bluff, Tennessee. Mr. Ragsdale lives in Nashville, Tennessee, and he, nor his mother, have their own form of transportation. Mr. Ragsdale initially stated he did not know how his mother's prescription bottle came into his possession. He also stated he was not sure how his mother, who resides with him, would have traveled to White Bluff, Tennessee, to have a prescription filled. The prescription receipt shows the cost was $287.98 and Ms. Ragsdale's address as 557 Thompson Road, Pegram, Tennessee. Mr. Ragsdale's mother appeared to be unaware of the cost of the prescription and could not recall going to White Bluff, Tennessee, seven days earlier to get a prescription filled.

Officers Sanders additionally observed that all of Mr. Ragsdale's prescriptions where filled through a local pharmacy and his mother's prescriptions were filled by Bradley Drug Co. on Charlotte Pike, Nashville, Tennessee. Mr. Ragsdale stated Bradley Drug delivers his mother's medication to the residence. Officer Sanders observed that all of the mothers other prescriptions were filled by Bradley Drug Co. The Oxymorphone prescription was the only prescription observed filled at Fred's Pharmacy in White Bluff, Tennessee.

On July 22, 2013, Mr. Ragsdale reported to the U.S. Probation office and met with Officer Sanders and Supervising Probation Officer Britton Shelton. During this meeting, Mr. Ragsdale revealed that his sister's boyfriend may have been the one who sold the Oxymorphone prescription. However, he also noted that the boyfriend had not been to his home in the previous two weeks. The probation officers expressed concern that so many pills had been dispensed/used in such a short period of time. These concerns included someone over-taking the medication, stealing the pills, or someone selling the prescription, all of which could lead to future trouble for Mr. Ragsdale. Mr. Ragsdale could provide no solid theory as to what exactly happened to so many pills in such a short time.

Mr. Ragsdale was re-instructed regarding the condition that he not have possession of any prescriptions that were not in his name or to sell any prescriptions.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Ragsdale began his term of supervised release on May 2, 2012. His supervision is scheduled to expire on May 1, 2015. He is disabled and suffers from Lou Gehrig's disease. The disease is currently progressing, but he is still able to function without assistance. He also has custody of his sixteen-year-old daughter. He resides with his mother, daughter and girlfriend, Lucinda Findley. Mr. Ragsdale receives disability income and has TennCare to manage his medical and mental health needs.

In August 2012, Mr. Ragsdale was assessed by Centerstone Mental Health and diagnosed with Panic Disorder without Agoraphobia, Major Depressive Disorder and Opioid Dependence in remission. He began individual mental health therapy and was prescribed psychotropic medication to address his needs. Mr. Ragsdale has complied with his medication and attended therapy as directed through December 2012. He has attended therapy sporadically from January 2013 to July 2013. He did not attend therapy in February, March, April, and June 2013. On July 18, 2013, Officer Sanders directed him to schedule an appointment with Centerstone Mental Health. Mr. Ragsdale made an appointment in Officer Sander's presence.

**U.S. Probation Officer Recommendation:**

It is respectfully recommended that no action be taken at this time and Mr. Ragsdale be allowed continue on supervision. However, these violations may be considered in the future, if necessary. Any future violations or positive drug tests will be promptly reported to the Court.

The U.S. Attorney's Office concurs with the probation officer's recommendation.


Approved:


_____
Britton Shelton
Supervisory U.S. Probation Officer