PROB 12C
(Rev.2011)

# United States District Court
for
Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 44]

Name of Offender: Kenneth William Ragsdale     Case Number: 3:09-00111

Name of Judicial Officer: Honorable Todd J. Campbell, United States District Judge

Date of Original Sentence: March 5, 2010

Original Offense: 18 U.S.C.§ 922(g)(1) Felon in Possession of a Firearm

Original Sentence: 30 months' custody followed by 3 years' supervised release

Type of Supervision: Supervised Release     Date Supervision Commenced: May 2, 2012

Assistant U.S. Attorney: Matthias D. Onderak     Defense Attorney: Michael C. Holley

## PETITIONING THE COURT

___  To issue a Summons.
___  To issue a Warrant.
_X_  To Consider Additional Alleged Violations/Information

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other
☒ The Consideration of Additional Alleged Violations/Information

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Considered this 12 day of Sept., 2014, and made a part of the records in the above case.

*/s/ James Foster*
James Foster
U.S. Probation Officer

*/s/ Todd J. Campbell*
Todd J. Campbell
U.S. District Judge

Place     Nashville, TN

Date     September 12, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 44, has been amended as follows:

> Violation No. 1 - has been amended to reflect that the offender was released from state custody on August 21, 2014.
>
> Violation No. 4 - has been added to reflect that, on September 9, 2014, the offender admitted to having obtained and used medications not prescribed to him.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The Defendant shall not commit another federal, state, or local crime** |

On November 21, 2013, the Metro Nashville Police Department arrested and charged Mr. Ragsdale with four counts of Possession with Intent to sell a Controlled Substance, Schedule II, which is a class C Felony under T.C.A. 39-17-417.

The four affidavits report that on November 19, 2013, Mr. Ragsdale sold five oxycodone pills to a confidential informant. The pills were sold at Mr. Ragsdale's residence, 5110 Tennessee Avenue, Apt. A., Nashville, Tennessee.

On November 21, 2013, the Metro Nashville Police Department executed a search warrant at Mr. Ragsdale's residence and found on his person 43 oxycodone pills, 43 clonozepam pills, and 44 oxymorpohone pills, in addition, to a large sum of money found on his person.

On May 29, 2014, Mr. Ragsdale pled guilty to Sale of a Controlled Substance, Schedule II, which is a Class C Felony. He was sentenced to 6 months' custody. On August 21, 2014, Mr. Ragsdale was released from state custody and immediately transferred to federal custody. He appeared before U.S. Magistrate Judge Juliet E. Griffin on August 22, 2014, where it was ordered that he return to supervised release pending the outcome of a revocation hearing currently scheduled to take place on September 17, 2014.

2. **The Defendant shall not possess any prescription medications other than those prescribed to him. The Defendant shall not sell any prescription medications.**
Mr. Ragsdale possessed oxycodone, clonazepam and oxymorphone pills which were not prescribed to him. He has also pled guilty to selling these pills.

On November 11, 2013, U.S. Probation Officer Kara Sanders conducted a home contact and confirmed Mr. Ragsdale's medications prescribed to him. The prescription medications provided by him on that date did not include any of the above schedule II medications. Mr. Ragsdale denied he had any narcotic medication prescribed to him or anyone in the home.

3. **The Defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community correction center at the direction of the Probation Officer. The Defendant shall pay all or part of the cost for substance abuse treatment if the United**

> **States Probation Office determines the Defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.**
>
> On November 15, 2013, Mr. Ragsdale submitted to a urine drug test and tested positive for oxycodone. The urine sample was confirmed by Alere Laboratories to be positive for barbiturates, benzodiazepines, opiates, oxycodone, and oxymorphone.
>
> Initially, Mr. Ragsdale denied any illegal drug use. Subsequently, he did reluctantly report that he bought six percocet pills on or about November 9, 2013, and used them over the next week. He reported he used the percocet to help with a back injury.
>
> On November 18, 2013, Mr. Ragsdale failed to report for a drug test.

**4.**        **The Defendant shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.**

> On September 9, 2014, while submitting a urine specimen at the U.S. Probation Office, Mr. Ragsdale admitted to having used medications not prescribed to him. Specifically, he reported that he obtained oxymorphone from an unidentified friend, and buprenorphrine from his estranged wife, Dorothy McRae. Mr. Ragsdale stated that he needed these medications to treat chronic back pain, but when asked why he had not yet obtained legal prescriptions from his medical care providers, Mr. Ragsdale advised that he did not wish to set appointments he would be unable to keep in the event he is sentenced to federal custody at his upcoming hearing.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Ragsdale began his term of supervised release on May 2, 2012. He is disabled and suffers from Lou Gehrig's disease, which is currently progressing, but Mr. Ragsdale is still able to function without assistance. He currently resides with his sister, her boyfriend, and the boyfriend's father, in Nashville, Tennessee. Mr. Ragsdale has full custody of his 17 year-old daughter, but she resides with her boyfriend's family. Mr. Ragsdale has Medicare to manage his medical and mental health needs, and although he received disability benefits prior to his most recent term of incarceration, he has not yet renewed his receipt of those benefits since being release from state custody.

In August 2012, Mr. Ragsdale was assessed by Centerstone Mental Health and diagnosed with Panic Disorder without Agoraphobia, Major Depressive Disorder and Opioid Dependence in remission. He began individual mental health therapy and was prescribed psychotropic medication to address his needs. Mr. Ragsdale complied with his medication and attended therapy, as directed, through December 2012. He attended therapy sporadically from January 2013 to November 2013. He did not attend therapy in February, March, April, June, July and August 2013. He did attend therapy in September and October 2013 as directed. Mr. Ragsdale reported he had continued to take all of his mental health medication as directed.

Mr. Ragsdale was drug tested randomly from May 2012 to December 2012, and all tests were negative. He was drug tested in July 2013, and tested positive for amphetamines which was attributed to his valid neurotion prescription.

In July 2013, a report was submitted to the Court regarding an empty bottle of Oxymorphone. The Court agreed with the recommendation and took no action, and allowed Mr. Ragsdale to continue on supervised release.

His random drug testing was increased in response to the positive drug test in November 2013.

Mr. Ragsdale has been placed on a random drug testing program, and has been referred to Centerstone Mental Health for a psychiatric assessment, to be followed my mental health and substance abuse treatment appointments. His initial assessment has not yet been scheduled.

**Update of Offender Characteristics:**

There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**

It is respectfully recommended that this additional information be considered at the revocation hearing scheduled before the Court.

The U.S. Attorney's Office concurs with the probation officer's recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. KENNETH WILLIAM RAGSDALE, CASE NO. 3:09-00111

**GRADE OF VIOLATION:** A
**CRIMINAL HISTORY:** III

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003     PROTECT ACT PROVISIONS

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) *18 U.S.C. § 3583(e)(3)* | 18-24 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 36 months less any term of imprisonment imposed *18 U.S.C. § 3583(h)* | 1-3 years *U.S.S.G. § 5D1.2(a)(2)* | No recommendation |

18 U.S.C. 3583(g)(1) provides that, if a defendant possesses a controlled substance in violation of the conditions of supervised release, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection 18 U.S.C. § 3583(e)(3).

**Guideline Policy Statements:** Pursuant to U.S.S.G § 7B1.3(a)(1), upon a finding a Grade A violation, the Court shall revoke supervised release.

Respectfully Submitted

_James Foster_
James Foster
U.S. Probation Officer


Approved: _Britton Shelton_
Britton Shelton
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant**  Kenneth William Ragsdale

2. **Docket Number** *(Year-Sequence-Defendant No.)*  0650 3:09CR00111 - 1

3. **District/Office**  Middle Tennessee, Nashville

4. **Original Sentence Date**  03 / 05 / 2010
                                 month  day  year

5. **Original District/Office** *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall not commit another federal, state, or local crime (drug felony) | A |
| Shall not possess any prescriptions other than those prescribed to him. Shall not sell any prescription medications. | C |
| Drug use and failure to comply with drug testing. | C |
| Drug use. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*     A

9. **Criminal History Category** *(see §7B1.4(a))*     III

10. **Range of Imprisonment** *(see §7B1.4(a))*     18-24 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☒ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Kenneth William Ragsdale

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____    Community Confinement _____

    Fine($)        _____    Home Detention         _____

    Other          _____    Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a
    sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Offender's address:** Metro Criminal Justice Center
448 2nd Avenue North
Nashville, TN 37201